[Cite as *Griffin v. Ohio Dept. of Rehab. & Corr.*, 2009-Ohio-7021.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARK GRIFFIN, SR.

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant
     Case No. 2007-06918

Judge J. Craig Wright
Magistrate Steven A. Larson

MAGISTRATE DECISION

{¶ 1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Marion Correctional Institution (MCI), pursuant to R.C. 5120.16. Plaintiff testified that on Thanksgiving Day 2006, he traded his meal to another inmate in exchange for an extra piece of pumpkin pie. Plaintiff stated that he ate the first piece of pie but when he started to eat the second he noticed that it "looked kind of watery" and he decided not to finish it. According to plaintiff, he returned to his cell after dinner and became sick, suffering from vomiting and diarrhea. Plaintiff testified that he then went to "sick call" where he heard several other inmates complaining about the pie. Plaintiff stated that he was given Pepto Bismol and told that he would be referred to see the doctor. Plaintiff further stated that he was on the referral list for over 30 days but he was never examined by the doctor.

{¶ 3} Plaintiff brings this action alleging negligence. In order for plaintiff to

prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Additionally, Ohio law imposes a duty of reasonable care upon the state to provide for its prisoners' health, care, and well-being. *Clemets v. Heston* (1985), 20 Ohio App.3d 132, 136. Reasonable or ordinary care is that degree of caution and foresight which an ordinarily prudent person would employ in similar circumstances. *Smith v. United Properties Inc.* (1965), 2 Ohio St.2d 310. However, the state is not an insurer of inmates' safety. See *Williams v. Ohio Dept. of Rehab. and Corr.* (1991), 61 Ohio Misc.2d 699, at 702.

{¶ 4} Edith Nmachetam was a Correctional Food Service Manager 2 at MCI at the time of the incident. Although she was not on duty on Thanksgiving Day, Nmachetam testified that when she returned to work on Monday, November 28, 2006,[1] she heard plaintiff's complaints regarding the pumpkin pie. Nmachetam stated that as a result of these complaints, she determined that the production date of the pies was August 14, 2004, and she contacted the central warehouse that provided the pies to "check it out." (Plaintiff's Exhibit 3.) According to Nmachetam, the warehouse staff assured her that the pies had been frozen since production and that they were safe to eat so long as they had not been thawed and refrozen before they were served. Nmachetam testified that the pies were delivered to the MCI kitchen on the Tuesday before Thanksgiving and kept in a refrigerator with a temperature range of 36-40 degrees Fahrenheit. Nmachetam further testified that she ate some of the pie on the day she returned to work, and that "it was fine." She stated that the pie was served in the staff dining room for a week after Thanksgiving Day and that she was unaware of any staff member who became sick. However, Nmachetam also stated that even

though she only received complaints from plaintiff, she arranged for "replacement pie."

**{¶ 5}**   Betty Spillman was working as a Correctional Food Service Manager 1 at MCI on November 23, 2006.   Spillman testified that the pies appeared to be fully cooked, and that they were stored in the "back cooler" in the MCI kitchen until they were served.   According to Spillman, the pies were cut while still frozen and served cold. Spillman estimated that approximately 1,800 slices of pie were served on Thanksgiving Day and that she did not receive any complaint about the pie.   Spillman stated that she ate the pie on both Thanksgiving Day and the following day, that it tasted "ok" to her, and that it did not make her sick.

**{¶ 6}**   Robert Davis was working as a Food Service Corrections Officer at MCI on Thanksgiving Day 2006.   Davis testified that he cut the pies in question approximately four hours before service and that the pies were "frozen solid." According to Davis, he ate a piece of pie that day and on several more occasions "for the next month."   Davis testified that the pie did not make him sick, that he had no knowledge of anyone falling ill, and that the pie tasted "excellent."

**{¶ 7}**   Based upon the foregoing, the court finds that plaintiff has failed to prove that he became ill as a result of defendant's negligence.   The court finds that defendant properly stored and served the pies.   The court also finds that plaintiff's testimony regarding both his alleged sickness and the alleged complaints of other inmates about the pie to be less than credible.   Accordingly, it is recommended that judgment be rendered in favor of defendant.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i).   If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed.   A party shall not assign as error on appeal the court's adoption of any factual*

---

[1]The court notes that November 28, 2006, was a Tuesday.

*finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
STEVEN A. LARSON
Magistrate

cc:

Douglas R. Folkert
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Mark Griffin, Sr, #300-430
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901

Magistrate Steven A. Larson

MR/cmd
Filed November 6, 2009
To S.C. reporter December 29, 2009