ARMSTRONG, APPELLANT, *v.* BEST BUY COMPANY, INC., APPELLEE.

[Cite as *Armstrong v. Best Buy Co., Inc.,*
99 Ohio St.3d 79, 2003-Ohio-2573.]

(No. 2002–0367—Submitted February 25, 2003—Decided June 4, 2003.)

FRANCIS E. SWEENEY, SR., J.

{¶ 1} On January 10, 1998, plaintiff-appellant, Paul Armstrong, injured himself when he tripped and fell inside a store owned by defendant-appellee, Best Buy Company, Inc. The injury occurred when Armstrong entered through the exit doors of a vestibule attached to the entranceway of the store and tripped over the bracket of a shopping-cart guardrail.

{¶ 2} Armstrong filed the instant negligence action against Best Buy. In his complaint, Armstrong alleged that Best Buy negligently created and maintained a dangerous condition in its store and that it knew or should have known that the condition was dangerous. Best Buy moved for summary judgment, arguing that it owed no duty to protect Armstrong because the shopping-cart guardrail was open and obvious. The trial court granted summary judgment for Best Buy. The court of appeals affirmed. The Ninth District certified its decision as being in conflict with *Schindler v. Gale's Superior Supermarket, Inc.* (2001), 142 Ohio App.3d 146, 754 N.E.2d 298, which held that *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.* (1998), 81 Ohio St.3d 677, 693 N.E.2d 271, abrogated the open-and-obvious doctrine.

{¶ 3} The cause is now before the court upon our determination that a conflict exists.

{¶ 4} The certified question is: "Whether *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.* (1998), 81 Ohio St.3d 677 [693 N.E.2d 271], abrogated the open and obvious doctrine as a complete bar to recovery and instead, required that comparative negligence be applied to determine liability?" For the reasons that follow, we answer this question in the negative and affirm the court of appeals.

{¶ 5} The sole issue before this court concerns the viability of the open-and-obvious doctrine, which states that a premises-owner owes no duty to persons entering those premises regarding dangers that are open and obvious. *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, paragraph one of the syllabus. The rationale underlying this doctrine is "that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 644, 597 N.E.2d 504. A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474; *Jackson v. Kings Island* (1979), 58 Ohio St.2d 357, 12 O.O.3d 321, 390 N.E.2d 810. When applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims.

{¶ 6} Armstrong argues that *Texler* abrogates the open-and-obvious doctrine. He urges us to follow the certified-conflict case of *Schindler*, which sought to "analyze the openness and obviousness of a hazard not in terms of the duty owed but rather in terms of causation." *Schindler*, 142 Ohio App.3d at 153, 754 N.E.2d 298.

{¶ 7} We reject Armstrong's position and that of the *Schindler* court. The facts of *Texler* are straightforward. The plaintiff was injured when she tripped and fell over a bucket that the defendant had placed on the sidewalk to prop open a door. The jury found that defendant was 100 percent negligent and that the negligence was a proximate cause of plaintiff's injuries. The trial court denied defendant's motions for judgment notwithstanding the verdict and for a new trial. The court of appeals reversed and entered judgment for the defendant. We reversed that decision, finding that reasonable minds could disagree over the allocation of negligence between the parties. *Texler*, 81 Ohio St.3d at 681, 693 N.E.2d 271.

{¶ 8} A close reading of *Texler* reveals that the sole issue before us was whether the trial court should have found that the plaintiff was more than 50 percent negligent and, as such, should have granted a motion notwithstanding the

verdict. The existence of the storeowner's duty to the plaintiff had been determined at trial and was not an issue on appeal. It is fundamental that in order to establish a cause of action for negligence, the plaintiff must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom. *Menifee v. Ohio Welding Prod., Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 472 N.E.2d 707. In *Texler*, we were concerned with only the third component, proximate cause, and, in particular, the allocation of fault in terms of comparative negligence. The open-and-obvious doctrine, which concerns the first element of negligence law, the existence of a duty, was not before our court. Thus, *Texler* does not even address the open-and-obvious doctrine, let alone abrogate this rule. The *Schindler* court was mistaken when it construed the *Texler* decision as abrogating the open-and-obvious doctrine in favor of a comparative-negligence analysis.

{¶ 9} We are cognizant of the fact that some courts have abolished the open-and-obvious rule in favor of a comparative-negligence approach. These courts, like that of *Schindler,* look at obviousness of the hazard as one factor to be taken into account in determining a plaintiff's comparative negligence. See, e.g., *Rockweit v. Senecal* (1995), 197 Wis.2d 409, 541 N.W.2d 742; *Robertson v. Magic Valley Regional Med. Ctr.* (1990), 117 Idaho 979, 793 P.2d 211; *Tharp v. Bunge Corp.* (Miss.1994), 641 So.2d 20; *Parker v. Highland Park, Inc.* (Texas 1978), 565 S.W.2d 512. Other courts have adopted Restatement of the Law 2d, Torts (1965), Section 343A, which finds liability when the landowner should have anticipated harm caused by obvious dangers. See, e.g., *Ward v. K Mart Corp.* (1990), 136 Ill.2d 132, 143 Ill.Dec. 288, 554 N.E.2d 223.

{¶ 10} However, we decline to follow these cases because we believe that the focus in these decisions is misdirected. The courts analyzing the open-and-obvious nature of the hazard as an element of comparative negligence focus on whether the plaintiff's negligence in confronting an open-and-obvious danger exceeds any negligence attributable to the defendant. See, e.g., *Kloes v. Eau Claire Cavalier Baseball Assn., Inc.* (1992), 170 Wis.2d 77, 87, 487 N.W.2d 77. Under this approach, the open-and-obvious rule does not act as an absolute defense. Rather, it triggers a weighing of the parties' negligence. Id.

{¶ 11} What these courts fail to recognize is that the open-and-obvious doctrine is not concerned with causation but rather stems from the landowner's duty to persons injured on his or her property. By failing to recognize the distinction between duty and proximate cause, we believe that these courts have prematurely reached the issues of fault and causation. The Illinois Supreme Court recognized this distinction in *Bucheleres v. Chicago Park Dist.* (1996), 171 Ill.2d 435, 216 Ill.Dec. 568, 665 N.E.2d 826, a decision upholding the viability of the open-and-obvious doctrine in that state. The court stated: "The existence of

a defendant's legal duty is separate and distinct from the issue of a plaintiff's contributory negligence and the parties' comparative fault. The * * * characterization of the open and obvious doctrine as a 'defense' that should be submitted to the jury as part of the comparison of the relative fault of the parties overlooks the simple truism that where there is no duty there is no liability, and therefore no fault to be compared." Id., 171 Ill.2d at 447, 216 Ill.Dec. 568, 665 N.E.2d 826.

{¶ 12}   In *Simmers,* 64 Ohio St.3d at 644, 597 N.E.2d 504, fn. 2, we noted that the "open and obvious" doctrine remains viable even after the enactment of our comparative-negligence statute. Further, we warned courts about the danger of confusing the concepts of duty and proximate cause. We stated that "since Ohio enacted the comparative negligence statute, * * * courts must carefully distinguish between a defendant's duty of care and a plaintiff's contributory negligence." Id. Although we refused to extend the open-and-obvious rule to actions brought against independent contractors, we said that the decision "does not put at issue the 'open and obvious' doctrine as applied to owners and occupiers of land." Id.

{¶ 13}   We continue to adhere to the open-and-obvious doctrine today. In reaching this conclusion, we reiterate that when courts apply the rule, they must focus on the fact that the doctrine relates to the threshold issue of duty. By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff. Ferrell, Emerging Trends in Premises Liability Law: Ohio's Latest Modification Continues to Chip Away at Bedrock Principles (1995), 21 Ohio N.U.L.Rev. 1121, 1134. Even under the Restatement view, we believe the focus is misdirected because it does not acknowledge that the condition itself is obviously hazardous and that, as a result, no liability is imposed.

{¶ 14}   Consequently, we hold that the open-and-obvious doctrine remains viable in Ohio. Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises. *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, approved and followed.

{¶ 15}   We now turn to the case at hand. Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653

N.E.2d 1196, paragraph three of the syllabus. As applied to this case, it is clear that Best Buy owed no duty to Armstrong and that Best Buy is entitled to judgment as a matter of law.

{¶ 16} Armstrong admitted in his deposition that when he entered the store, nothing was obstructing his view prior to his fall and that, had he been looking down, he would have seen the guardrail. Armstrong further stated that he had visited the store two or three times before his mishap. In support of his brief opposing summary judgment, Armstrong offered the affidavit of an alleged expert who opined that the condition was unsafe. However, in viewing the photographs supplied by both parties, we find that as a matter of law, the rail in question was visible to all persons entering and exiting the store. Thus, the rail presented an open-and-obvious danger. As a result, since the hazard was open and obvious, Best Buy owed no duty to Armstrong. No genuine issue of material fact remains. Therefore, we find that summary judgment was appropriately entered for Best Buy. We affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, WISE, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

PFEIFER, J., concurs in part and dissents in part.

JOHN W. WISE, J., of the Fifth Appellate District, sitting for COOK, J.

---

**PFEIFER, J., concurring in part and dissenting in part.**

{¶ 17} In the days of contributory negligence, the "no duty" rule had a role. In an already harsh climate for plaintiffs, it culled many claims lacking legal merit. In the modern era of comparative negligence, it is an archaic throwback better left in the past. There is little need for a bright-line cutoff today. Fault can be apportioned and claims litigated accordingly. It just doesn't make sense that a business would owe an invitee "no duty."

{¶ 18} The rule essentially requires every person entering a store to engage a 360–degree radar system in order to be at all times aware of open-and-obvious dangers. Based on the facts before us, Best Buy apparently expects its patrons to watch the floor constantly, thereby missing its splashy merchandising. There is no other way to avoid tripping over a rail that is only inches off the floor.

{¶ 19} We have all tripped over something left on the floor by our children, spouse, roommate, or even ourselves. Many times, the item tripped over is in plain sight, open, and obvious. Nevertheless, we trip because we don't see the item. Open–and-obvious dangers are not always seen, and a jury is capable of determining whether the person not seeing an open-and-obvious danger was wholly, partially, or not at fault. The open-and-obvious-danger doctrine is a

misnomer, and its use as a complete defense ought to be abrogated. The inquiry about whether a duty is owed in this context should be premised primarily upon whether the defendant has created a foreseeable risk of harm to the plaintiff, not solely on whether a risk, if seen, should have been avoided.

{¶ 20} Even so, I concur in that portion of the majority opinion that concludes that *Texler* did not address or abrogate the open-and-obvious doctrine. I dissent because I would abrogate the doctrine today.

---

Miraldi & Barrett Co., L.P.A., and Matthew H. Barrett, for appellant.

Law Offices of Jan A. Saurman and Kerry Randall–Lewis; Arter & Hadden, L.L.P., and Irene C. Keyse–Walker, for appellee.

Kitrick & Lewis Co., L.P.A., Mark Lewis and Mark Kitrick, urging reversal for amicus curiae Ohio Academy of Trial Lawyers.

Fauver, Keyse–Walker & Donovan, L.P.A., and Kurt D. Anderson, urging affirmance for amicus curiae Ohio Association of Civil Trial Attorneys.