OPINION
{¶ 1} Randall and Gracie Jones appeal from the Montgomery County Common Pleas Court's entry of summary judgment against them on their complaint, which set forth a negligence claim and a derivative loss-of-consortium claim against appellee Kroger Company.
 {¶ 2} The negligence claim stems from Randall Jones' slip and fall in the entrance of a Kroger store on December 30, 2000. At the time of the incident, the floor where he fell had an accumulation of water and slush that had been tracked in by patrons. On July 9, 2002, the trial court entered summary judgment in favor of Kroger. In so doing, it found that the water and slush represented an "open and obvious" danger as a matter of law. Therefore, the trial court held that Kroger had no duty to warn its customers about the wetness or to eliminate the condition.
 {¶ 3} The Joneses subsequently filed a timely notice of appeal advancing two assignments of error. In their first assignment of error, they contend that the open-and-obvious doctrine, upon which the trial court relied, has been abrogated by comparative negligence principles. In their second assignment of error, they argue that genuine issues of material fact exist as to the comparative negligence of the parties.
 {¶ 4} Following briefing in this case, we stayed the above-captioned appeal pending a decision in Armstrong v. Best Buy Co.,Inc., Ohio Supreme Court Case No. 02-367. On June 4, 2003, the Ohio Supreme Court rendered the awaited decision. See Armstrong v. Best BuyCo., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573. On June 16, 2003, Kroger moved for a decision in its favor on the basis of Armstrong, and the Joneses failed to respond to that filing. Thereafter, on July 11, 2003, we vacated our earlier stay, and the above-captioned appeal is now before the court for resolution.
 {¶ 5} Having reviewed the Ohio Supreme Court's Armstrong
decision, we find that it is dispositive. In Armstrong, the court held that the open-and-obvious doctrine remains viable in Ohio. Where a danger is open and obvious, a landowner such as Kroger owes no duty of care to individuals lawfully on its premises. Armstrong, supra, at 82. In the present case, the Joneses do not quarrel with the trial court's determination that the wet floor represented an open and obvious danger as a matter of law. Instead, they argue in their first assignment of error that the open-and-obvious doctrine no longer is viable in Ohio. This argument is foreclosed by Armstrong, and we overrule their first assignment of error.
 {¶ 6} In their second assignment of error, the Joneses presume that comparative negligence principles have replaced the open-and-obvious doctrine, and they argue that genuine issues of material fact exist as to the comparative negligence of the parties. As Armstrong makes clear, however, the presence of an open and obvious hazard acts as an absolute bar to a claim of negligence, as it negates the existence of a duty, and it obviates the need to engage in a comparative negligence analysis. Id.
at 81-82. Accordingly, we overrule the Joneses' second assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.
 {¶ 7} Judgment affirmed.