{¶ 21} I must respectfully dissent, for I believe the majority is following the Supreme Court of Ohio down a slippery slope which has no discernible end. As stated by Justice Pfeifer in his dissent in Armstrongv. Best Buy, the open-and-obvious rule "essentially requires every person entering a store to engage a 360-degree radar system in order to be at all times aware of open-and-obvious dangers. Based on the facts before us, Best Buy apparently expects its patrons to watch the floor constantly, thereby missing its splashy merchandising. There is no other way to avoid tripping over a rail that is only inches off the floor."[1]
 {¶ 22} The majority has impermissibly shifted the burden of sidewalk safety onto the shoulders of pedestrians and away from the owners. To follow the reasoning to its logical conclusion, apparently there would be no liability generated if the property owner had placed a decorative marble collection next to the sidewalk. Thus, if rainfall caused a marble or two, instead of gravel, to collect on the sidewalk, it is assumed all reasonable walkers would be on notice to avoid the open-and-obvious danger created by the wayward marble collection. Since the hazard would be open-and-obvious, anyone who fell on the scattered marbles would, therefore, be responsible for their own injuries if they were so foolish as to use such a dangerous sidewalk.
 {¶ 23} I believe Palsgraf was good law when it was written, and nothing in human frailties has changed in the past seventy-five years.[2]
It remains the law of the land that the risk reasonably to be perceived defines the duty to be obeyed. I simply do not know if gravel washed onto a poorly lit sidewalk becomes so open-and-obvious as to become a beacon, warning all who walk there to "watch out — you're going to get hurt!"
 {¶ 24} What risk was reasonably to be perceived here by the injured party? Walking? Walking on a sidewalk? Walking on a sidewalk with washed out gravel? Walking on a poorly lit sidewalk with washed out gravel which was the same color as the sidewalk? How many elements are necessary, as a matter of law, before the question becomes one of fact to be decided by a jury?
 {¶ 25} As a matter of law, the trial court erred when it found that "gravel on a sidewalk is a minor or trivial condition." Really? Reasonable minds could differ on that issue.
[1] Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 18 (Pfeifer, J., concurring in part and dissenting in part.
[2] Palsgraf v. Long Island RR. Co. (1928), 248 N.Y. 339,162 N.E. 99.