OPINION
{¶ 1} Plaintiff-appellant Calvin Loyer ("Loyer") brings this appeal from the judgment of the Court of Common Pleas of Crawford County granting a motion for directed verdict in favor of defendant-appellee McDonald's Family Restaurant ("McDonald's") at the close of Loyer's case in chief.
 {¶ 2} On May 7, 1999, Loyer was walking toward the entrance at McDonald's to get breakfast. The parking lot was lit as was the entrance. When Loyer stepped up from the parking lot pavement onto the sidewalk he fell, striking his head and face and losing consciousness. Loyer was found by an employee of McDonald's lying on the sidewalk and was taken to the hospital. Loyer has no memory of the fall beyond stepping up onto the sidewalk. Both parties stipulate that a few of the paver bricks were broken on the sidewalk and that McDonald's was aware of the condition. On April 30, 2001, Loyer brought suit against McDonald's alleging that he was injured when he slipped and fell on the property. The matter went to trial on April 24 and April 25, 2003. At the conclusion of Loyer's case, McDonald's moved for a directed verdict. Based upon the evidence presented, the trial court determined that Loyer had not met his burden of proof that the loose pavers were the proximate cause of Loyer's fall as a matter of law. The trial court also found that the loose pavers were an open and obvious condition as a matter of law. The trial court then entered judgment in favor of McDonald's. It is from this judgment that Loyer appeals and raises the following assignments of error.
The trial court erred when it directed a verdict in favor of[McDonald's] on the ground (sic) that the disrepair of thesidewalk was open and obvious where there was evidence that thepremises owner had superior knowledge of the dangerous conditionand the attendant circumstances were such that the degree towhich the condition should have been observable was in dispute.
 The trial court erred when it directed a verdict in favor ofthe defendant on the ground that [Loyer] had not created an issueof material fact tending to show that the disrepair of[McDonald's] sidewalk was the cause of his fall where [Loyer] wasfound unconscious with his feet lying next to the area ofdisrepair and where [Loyer] had no medical condition which couldaccount for sudden loss of consciousness.
 {¶ 3} Both assignments of error address whether the trial court erred by granting a directed verdict in favor of the defendant. Thus, they will be addressed concurrently.
When a motion for a directed verdict has been properly made,and the trial court, after construing the evidence most stronglyin favor of the party against whom the motion is directed, findsthat upon any determinative issue reasonable minds could come tobut one conclusion upon the evidence submitted and thatconclusion is adverse to such party, the court shall sustain themotion and direct a verdict for the moving party as to thatissue.
Civ.R. 50(A)(4). In this case, Loyer claimed that McDonald's was negligent in the upkeep of its premises. "A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers."Armstrong v. Best Buy Co. Inc., 99 Ohio St.3d 79, 80,2003-Ohio-2573, 788 N.E.2d 1088. "When applicable, however, the open — and — obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." Id.
 {¶ 4} In this case, Loyer presented four witnesses who presented evidence as to the cause of the fall. Debra Zielinski ("Zielinski"), an employee of McDonald's, testified that the sidewalk was damaged on the date in question. She also testified that there were lights above the sidewalk and the damaged portion of the sidewalk was visible. Tr. 46.
 {¶ 5} Dr. Mark Hatheway ("Hatheway") testified, via videotape, that Loyer had stated that he "apparently" fell. Hatheway Dep., p. 9. Loyer told Hatheway that he was not sure about the fall because he had no memory of the incident. Id. Hatheway also testified that Loyer was treated for a syncope, commonly known as a "fainting spell." Id. at 12. Hatheway was not able to give any reason for the fall.
 {¶ 6} Loyer himself testified that he did not know what caused his fall. Tr. 58. Loyer remembered stepping up on the sidewalk and then waking up with emergency personnel around him. Tr. 59. Loyer testified that he had never previously experienced a fainting spell. Tr. 63. Loyer was unable to testify that he stepped on the section of the walk that was damaged. Tr. 94. Finally, Loyer presented the testimony of the emergency room physician, Dr. Ralph Lyon ("Lyon"). Lyon testified that no cause for the fall was determined. Tr. 130. Lyon also testified that Loyer was unable to tell them why he fell. Tr. 126.
 {¶ 7} None of the witnesses testified that the loose paver bricks were concealed in any manner. Both parties stipulated that there were broken and loose paver bricks and that the pictures presented by Loyer were accurate. However, the only evidence before the trial court was that the area of disrepair was visible to one stepping on to the sidewalks. Zielinski testified that she could see the broken and loose paver bricks when she entered the building using the same entrance Loyer attempted to use. Zielinski also testified that the lights were on and illuminated the area. Loyer testified that when he looked subsequent to the incident, he could see the damaged area from his car window. Given this undisputed testimony, the trial court could conclude that reasonable minds could only find that the hazard was open and obvious. This negates any duty by McDonald's to warn invitees of the danger. Without a duty, the trial court need not even reach the issue of causation. Since an open and obvious danger is a complete bar to a negligence claim under Ohio law, the trial court did not err in granting a directed verdict in favor of McDonald's. The assignments of error are overruled.
 {¶ 8} The judgment of the Court of Common Pleas of Crawford County is affirmed.
Judgment affirmed.
Shaw, P.J., and Cupp, J., concur.