{¶ 36} The trial court erred when it granted summary judgment for Defendant-Appellant, Meijer, Inc. ("Meijer"), on a finding that the puddle of water which allegedly caused Plaintiff Brant's slip and fall was an open and obvious hazard.
 {¶ 37} In order to be an open and obvious hazard, the physical properties of the condition that poses the hazard must make the condition readily observable, and therefore discoverable by invitees, and by its nature the condition must be one which an invitee would reasonably not expect to exist on the particular premises concerned.
 {¶ 38} A puddle of water on the tile floor of a large retail store is not a condition which is so readily observable that Brant should have discovered it as she walked through the Meijers' store. Also, and unlike for example the railing installed to contain shopping carts inArmstrong v. Best Buy Co., 99 Ohio St.3d 79, 2003-Ohio-2573, a puddle of water on the floor is not a condition which an invitee should reasonably expect to exist on the premises of a general merchandise store such as Meijers. Therefore, on this record, the condition that caused Plaintiff's fall was not an open and obvious hazard.
 {¶ 39} However, there is no evidence that Meijer either caused the puddle of water to be on the floor, or if it was there because of the negligence of a third person, such as another shopper, that the puddle was there for sufficiently long that Meijers reasonably should have discovered the condition and cured the hazard to shoppers such as Brant that the condition presented. That is true notwithstanding the fact that the origin of the water most likely was the nearby display of cut flowers. To find Meijers responsible for Brant's injury on that account would make Meijers an insurer of its invitees' safety, a relation which imposes a higher form of duty than the duty of ordinary care that an owner of a premises owes its invitees. I would affirm on that basis.