{¶ 21} Respectfully, I dissent and would affirm the ruling of the trial court granting summary judgment for the following reasons:
 {¶ 22} 1. There is no evidence in the record that the heavy black commercial rubber-backed mat in the foyer of the bakery was in any manner defective.
 {¶ 23} 2. There is no evidence, expert or otherwise, that such a mat could, or should, be secured to the floor.
 {¶ 24} 3. There is no evidence that the mat was "curled-up" before the fall, and it follows inexorably that there is no evidence that Schwebel Bakery knew or should have known that the mat was curled up.
 {¶ 25} 4. There is no evidence that anyone had ever slipped or tripped on this mat before. *Page 8 
 {¶ 26} 5. The majority's reference to the doctrine of open and obvious is misplaced. There is no evidence on behalf of either party that the mat was an open and obvious danger such that the very nature of the danger served as a warning; a priori, the doctrine of attendant circumstances is not applicable to this case.[1]
 {¶ 27} I would hold that "a shopkeeper owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." Armstrong v. Best Buy, 99 Ohio St.3d 76, 2003-Ohio-2573, 788 N.E.2d 1088. There is no evidence that Schwebel's maintenance of the premises was anything but appropriate and reasonably safe. Further, I discern no danger here-latent, patent, or otherwise.
[1] Attendant circumstances are conditions that surround an open and obvious hazard that tend to obscure the hazard or deflect the invitee's attention away from the hazard. When attendant circumstances exist, a duty to warn of an open and obvious danger may exist. *Page 1