[Cite as *Skiles v. Mansfield Correctional Inst.*, 2009-Ohio-7178.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GREGORY SKILES

    Plaintiff

    v.

MANSFIELD CORRECTIONAL INSTITUTE

    Defendant

    Case No. 2009-06435-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1) Plaintiff, Gregory Skiles, an inmate formerly incarcerated at defendant, Mansfield Correctional Institution (ManCI), alleged several items of his personal property were stolen from his cell on May 18, 2009 during a time when both he and his cellmate were absent from the cell. Plaintiff recalled he and his cellmate locked their cell door when they went to dinner at approximately 5:30 p.m. on May 18, 2009 and upon returning to the cell location he discovered multiple items of his personal property were missing. Plaintiff asserted the ManCI corrections officer on duty in his cell range unlocked his cell door and allowed an unidentified inmate access to the property stored in his cell.

{¶ 2} 2) Plaintiff maintained the property stolen from his cell included clothing items, shoes, underwear, stationery, a Super III radio, an electric fan, blue towels, and a set of Koss headphones. Plaintiff contended his property was stolen as a proximate cause of negligence on the part of a ManCI corrections officer in unlocking his cell; thereby permitting access to the property stored inside. Plaintiff filed this complaint

seeking to recover $366.53, the stated replacement cost of the alleged stolen property. Payment of the filing fee was waived.

**{¶ 3}** 3) Defendant specifically denied any ManCI employee unlocked plaintiff's cell door permitting access to the cell that resulted in the theft of property. Defendant related plaintiff did not report the alleged theft on May 18, 2009. Plaintiff did file an informal complaint on May 27, 2009 alleging property was stolen from his cell. Defendant suggested plaintiff "fabricated" the alleged property theft incident.

CONCLUSIONS OF LAW

**{¶ 4}** 1) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 5}** 2) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 6}** 3) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 7}** 4) Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 8}** 5) In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

**{¶ 9}** 6) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 10} 7) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, 798 N.E. 2d 1121, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 11} 8) The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1985), 84-02425. Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams.*

{¶ 12} 9) Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶ 13} 10) Plaintiff has failed to prove defendant negligently or intentionally failed to lock his cell door, and therefore, no liability shall attach to defendant as a result of any theft based on this contention. *Carrithers v. Southern Ohio Correctional Facility* (2002), 2001-09079-AD.

{¶ 14} 11) Plaintiff has failed to prove, by a preponderance of the evidence, any of his property was stolen as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GREGORY SKILES

Plaintiff

v.

MANSFIELD CORRECTIONAL INSTITUTION

Defendant

　Case No. 2009-06435-AD

Deputy Clerk Daniel R. Borchert

<u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　DANIEL R. BORCHERT
　　　　　　　　　　　　　　　　　　　　Deputy Clerk

Entry cc:

Gregory Skiles, #A555-805　　　　　　　Gregory C. Trout, Chief Counsel
P.O. Box 7010　　　　　　　　　　　　　Department of Rehabilitation
Chillicothe, Ohio  45601　　　　　　　and Correction
　　　　　　　　　　　　　　　　　　　　770 West Broad Street
　　　　　　　　　　　　　　　　　　　　Columbus, Ohio  43222

RDK/laa
10/20
Filed 12/2/09
Sent to S.C. reporter 3/18/09