[Cite as *Meyer v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-3635.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOHN MEYER

    Plaintiff

    v.

OHIO DEPT. OF REHABILITATIONS AND CORRECTIONS

    Defendant

    Case No. 2009-06907-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

{¶ 1} Plaintiff, John Meyer, a former inmate under the custody of defendant, Department of Rehabilitation and Correction (DRC), and formerly incarcerated at the Pickaway Correctional Institution (PCI), filed this claim alleging three separate causes of action against defendant. Initially, plaintiff claimed that he was held by defendant for a period of one day beyond the expiration of his criminal sentence for breaking and entering and possession of criminal tools. Plaintiff stated that: "I was released on August 13, 2007; one day longer than I was sentenced to." Plaintiff essentially asserted that he was falsely imprisoned by DRC for a period of one day. Secondly, plaintiff maintained that his television set and fan were confiscated by PCI staff and not returned. Thirdly, plaintiff contended that he was refused dental treatment by the dentist at PCI and consequently lost a tooth as a result of not being provided with needed dental care. Plaintiff seeks damages in the amount of $500.00 for his false imprisonment claim, $100.00 for his property loss claim, and $1,500.00 for his medical claim involving lack of dental treatment. Plaintiff filed this claim on August 13, 2009.

The filing fee was paid.

{¶ 2} Defendant denied liability on all three causes of action forwarded by plaintiff. Defendant explained that plaintiff received a six-month sentence on his criminal convictions which is calculated as a sentence of 182.5 days. Defendant further explained that plaintiff was admitted to DRC custody on March 23, 2007 with 38 days credit and was released from custody on August 13, 2007 upon expiration of his sentence of 182.5 days. In regard to the property loss claim and medical claim, defendant has asserted that "[p]laintiff has provided no detail" to investigate or respond to these claims. Defendant advised that plaintiff did not file any grievances or notify any DRC personnel about property loss or lack of dental care.

{¶ 3} R.C. 2743.16(A) provides:

{¶ 4} "Subject to division (B) of this section, civil actions against the state permitted by sections 2743.01 and 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or *within any shorter period that is applicable to similar suits between private parties.*" (Emphasis added.)

{¶ 5} The applicable statute of limitations for a cause of action which alleges false imprisonment is R.C. 2305.11(A), and it requires that an action for false imprisonment be commenced within one year after its accrual. See *Mickey v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 02AP-539, 2003-Ohio-90; *Haddad v. Dept. of Rehab. & Corr*, Franklin App. No. 01AP-1130, 2002-Ohio-2813. As a general rule, a claim for false imprisonment accrues upon plaintiff's release from confinement. It is undisputed that plaintiff was released from DRC custody on August 13, 2007 and his complaint was filed on August 13, 2009. Consequently, plaintiff's claim for false imprisonment is barred by the one-year statute of limitations as a matter of law. Accordingly, plaintiff's claim for false imprisonment is dismissed.

{¶ 6} The applicable statute of limitations for a dental claim is found in R.C. 2305.113. [R.C.2305.11.3] R.C. 2305.113(A) states: ". . . an action upon a . . . dental . . . claim shall be commenced within one year after the cause of action accrued." The allegations presented in the instant action constitute a dental claim, specifically refusal by dental professionals to provide dental treatment to plaintiff.

{¶ 7} [R.C. 2305.11.3] R.C. 2305.113(E)(6) states:

{¶ 8} "'Dental claim' means any claim that is asserted in any civil action against a dentist, or against any employee or agent of a dentist, and that arises out of a dental operation or the dental diagnosis, care, or treatment of any person. 'Dental claim' includes derivative claims for relief that arise from a dental operation or the dental diagnosis, care, or treatment of a person."

{¶ 9} Defendant, in the instant claim, is subject to suit for a dental claim. Plaintiff's cause of action accrued at sometime prior to August 13, 2007 when he alleged that he was refused access to dental care. Therefore, the court that concludes plaintiff's claim falls outside the specific statute of limitations for filing dental claims (one year) since the present action was not commenced until August 13, 2009. The determination is that plaintiff's claim was not timely filed and is consequently, dismissed.

{¶ 10} Assuming plaintiff's claim for property loss is timely filed, the court concludes that plaintiff has failed to produce sufficient evidence to support his allegations that his television set and fan were wrongly confiscated. For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 11} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD. Plaintiff has failed to prove a causal connection between any property loss and any breach of duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD. Plaintiff has failed to prove, by a preponderance of the evidence, that his television set and fan were lost as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOHN MEYER

    Plaintiff

    v.

OHIO DEPT. OF REHABILITATIONS AND CORRECTIONS

    Defendant

    Case No. 2009-06907-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant in regard to the property loss claims. The false imprisonment claim and the dental claim are DISMISSED with prejudice. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

John Meyer
8969 Applewood Drive
Cincinnati, Ohio  45236

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

RDK/laa
3/3
Filed 3/30/10
Sent to S.C. reporter 8/6/10