[Cite as *McLeod v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-884.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ALBERT MCLEOD, III

      Plaintiff

      v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

      Defendant
      Case No. 2009-04220

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

MAGISTRATE DECISION

{¶ 1} Plaintiff brought this action alleging negligence. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} At all times relevant plaintiff was an inmate in the custody and control of defendant at the Toledo Correctional Institution (ToCI) pursuant to R.C. 5120.16. Plaintiff testified that on April 15, 2008, a sliding door unexpectedly closed and struck him as he entered his housing unit. Plaintiff stated that he was housed in the Mandatory Substance Abuse Program (MSAP) unit at ToCI at the time of the incident. According to plaintiff, he was outside the unit prior to the incident inquiring about some of his personal property and that, when he returned to the unit, Corrections Officer (CO) William Triplett was stationed at a podium near the door. Plaintiff testified that he informed Triplett that he was ready to return to the unit and that Triplett shouted for a CO in the control booth to open the door. According to plaintiff, after Triplett yelled, the door did not immediately open, so Triplett again called out to the control booth, at which point the door opened. Plaintiff stated that when he attempted to enter the unit, the

door struck him on the left side, he fell to the ground, and the door closed on his left ankle. Plaintiff stated that the door quickly opened after he fell and that he witnessed Triplett call Corrections Captain Robertson and nurse Johnson. Plaintiff related that he was sent to the ToCI infirmary for treatment.

**{¶ 3}** In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Ohio law imposes upon the state a duty of reasonable care and protection of its prisoners; however, the state is not an insurer of inmate safety. *Williams v. Southern Ohio Correctional Facility* (1990), 67 Ohio App.3d 517, 526.

**{¶ 4}** Inmate Anthony Houston testified that he was sitting in the MSAP unit approximately 25 feet away from the door playing cards at the time of the incident. Houston stated that he witnessed the door strike plaintiff, knock him to the ground, and close on his ankle.

**{¶ 5}** Triplett testified that he witnessed plaintiff being struck by the door, and that he initially thought plaintiff was "joking around" because the door can be stopped with pressure from a hand, like an elevator door. However, when he realized that plaintiff was not joking, Triplett assisted him and called the infirmary. Triplett filed a report as a result of the incident. (Defendant's Exhibit A.) Triplett described the door as seven feet tall, three or four feet wide, and constructed of metal with glass panels. Triplett did not remember calling for the control booth to open the door for plaintiff, but stated that the door can be opened in such a manner or, on occasion, the door operator will see an inmate approach and open the door without a request from a CO.

**{¶ 6}** CO John Searle was operating the door from the control booth at the time of the incident. Searle testified that he saw plaintiff outside of the MSAP unit talking to a

staff member, and that when plaintiff finished and turned toward the door, he pressed the button to open it, but that the door did not immediately open. Searle stated that he therefore pressed the button a second time, and that when he looked up, he saw plaintiff attempting to go through the door as it began to close. Searle testified that he then quickly looked back down at the control panel, and pressed the button to open the door again. He did not see the door strike plaintiff, but saw him lying on the ground soon thereafter. Searle also prepared a report as a result of the incident. (Plaintiff's Exhibit 4.)

**{¶ 7}** Based upon the foregoing evidence and testimony, the court concludes that CO Searle was negligent in his operation of the MSAP unit door, and that plaintiff was struck by the door and injured as a result. The court therefore finds that defendant committed a breach of the duty of care owed to plaintiff. Accordingly, judgment is recommended in favor of plaintiff.

*A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
MATTHEW C. RAMBO
Magistrate

cc:

Christopher P. Conomy
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Richard F. Swope
6480 East Main Street, Suite 102
Reynoldsburg, Ohio 43068

MR/cmd
Filed January 31, 2011
To S.C. reporter February 22, 2011