[Cite as *Smith v. London Ohio Corr. Inst.*, 2011-Ohio-5725.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRANDON D. SMITH,

Plaintiff,

v.

LONDON OHIO CORRECTIONAL INSTITUTION,

Defendant,

: Case No. 2011-04355-AD

: Acting Clerk Daniel R. Borchert

: <u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶ 1}   Plaintiff, Brandon Smith, an inmate who is incarcerated at defendant, London Correctional Institution (LoCI), filed this action alleging that his television set was broken by other inmates  Plaintiff stated that on January 31, 2011, two unidentified inmates were fighting and during the melee his television set was broken.   Plaintiff seeks damage recovery in the amount of $176.50, the stated replacement value of a digital television set.  Payment of the filing fee was waived.

{¶ 2}   Defendant denied liability in this matter contending that defendant is not responsible for the broken television unless plaintiff can demonstrate that defendant acted negligently "in relation to the inmate altercation." Defendant contended that plaintiff failed to establish any negligence on the part of defendant.

{¶ 3}   Plaintiff did not file a response.

## CONCLUSIONS OF LAW

{¶ 4}   Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 5}   This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault)

with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 6} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 7} Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 8} Defendant is not responsible for actions of other inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615; *Jenkins v. Richland Correctional Inst.*, Ct. of Cl. No. 2003-01768-AD, 2003-Ohio-4483.

{¶ 9} In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owned him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 10} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided . . . by the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 11} Ohio law imposes a duty of reasonable care upon the state to provide for its prisoners' health, care, and well-being. *Clemets v. Heston* (1985), 20 Ohio App. 3d 132, 136, 20 OBR 166, 485 N.E. 2d 287. Reasonable or ordinary care is that degree of caution and foresight which an ordinarily prudent person would employ in similar circumstances. *Smith v. United Properties, Inc.* (1965), 2 Ohio St.2d 310, 31 O.O. 2d 573, 209 N.E. 2d 142.

{¶ 12} Plaintiff has failed to show any causal connection between the damage to his television set and any breach of a duty owed by defendant in regard to protecting

inmate property.  *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Tomblin v. London Correctional Inst.*, Ct. of Cl. No. 2005-03431-AD, 2005-Ohio-4859; *Madden v. Lebanon Correctional Inst.*, Ct. of Cl. No. 2006-06116-AD; jud, 2007-Ohio-1928; *Tolbert v. Lebanon Correctional Inst.*, Ct. of Cl. No. 2007-06942-AD, 2008-Ohio-5152.



Court of Claims of Ohio

The Ohio Judicial Center

BRANDON D. SMITH,            : Case No. 2011-04355-AD

    Plaintiff,

    v.                           : Acting Clerk Daniel R. Borchert

LONDON OHIO CORRECTIONAL INSTITUTION,

    Defendant,                      :

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Acting Clerk

Entry cc:

Brandon D. Smith, #526-408            Gregory C. Trout, Chief Counsel
                                        Department of Rehabilitation
                                        and Correction
                                        770 West Broad Street
                                        Columbus, Ohio  43222

7/1
Filed 7/21/11

Sent to S.C. reporter 11/4/11