[Cite as *Risner v. Ohio Dept. of Transp.*, 2012-Ohio-6331.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PAUL RISNER, Co-Admr., et al.

Plaintiffs

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2011-03332

Judge Joseph T. Clark

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On August 8, 2012, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On August 31, 2012, plaintiffs filed a response. The motion is now before the court for a non-oral hearing.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶ 4} Plaintiffs bring this action for wrongful death and survivorship arising out of an automobile collision that caused the death of plaintiffs' decedent, Amber N. Risner. The accident occurred in the early morning of September 12, 2009, at the intersection of Germany Road and State Route 32 in Pike County. The intersection was configured such that motorists on Germany Road were required to stop for a stop sign and an overhead flashing red light before crossing or turning onto State Route 32, a four-lane divided highway. Motorists on State Route 32 were not required to stop, but were warned of the intersection by way of advance warning signs and an overhead flashing yellow light. The driver of the car in which Risner was a passenger approached the intersection via northbound Germany Road and attempted to proceed across State Route 32, whereupon the car was struck by a tractor-trailer traveling in the westbound lanes of State Route 32.

{¶ 5} In their complaint, plaintiffs claim that defendant was negligent in its design and maintenance of the intersection, specifically with respect to the alleged lack of sight distance available to motorists approaching the intersection from northbound Germany Road, as well as the use of an overhead flashing light at the intersection rather than a four-way stop-and-go light. On May 8, 2012, the court granted partial summary judgment in favor of defendant as to the decisions it made concerning what traffic control devices to install at the intersection. As to the claim of insufficient sight distance, the court determined that issues of material fact remained; defendant addresses those issues in its present motion.

{¶ 6} In order for plaintiffs to prevail upon their claim of negligence, they must prove by a preponderance of the evidence that defendant owed the decedent a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused the decedent's injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 8, citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984).

{¶ 7} "The duty element of a negligence claim may be established by common law, legislative enactment, or the particular circumstances of a given case." *Estate of Morgan v. Ohio Dept. of Transp.*, 10th Dist. Nos. 10AP-362 & 10AP-382, 2010-Ohio-5969, ¶ 10. "Pursuant to R.C. 5501.11, ODOT has the responsibility to construct and maintain highways in a safe and reasonable manner. However, the state is not an insurer of the safety of its highways." *Rhodus v. Ohio Dept. of Transp.*, 67 Ohio App.3d 723, 729-730 (10th Dist.1990).

{¶ 8} When acting in the course of its highway construction responsibilities, defendant's duty of care is to adhere to "the current written standards in effect at the time of the planning, approval or construction of the site * * *." *Longfellow v. State*, 10th Dist. No. 92AP-549 (Dec. 24, 1992), citing *Lunar v. Ohio Dept. of Transp.*, 61 Ohio App.3d 143, 146 (10th Dist.1989) and *Lopez v. Ohio Dept. of Transp.*, 37 Ohio App.3d 69, 71 (10th Dist.1987). "When there are no guidelines in place at the time of the act, the proper standard of care is that of a reasonable engineer using accepted practices at the time of the act." *Hurier v. Ohio Dept. of Transp.*, 10th Dist. No. 01AP-1362, 2002-Ohio-4499, ¶ 25.

{¶ 9} In support of its motion, defendant submitted the affidavit of Kathleen A. King, P.E., who is employed by defendant as a Geometrics Engineer. King avers that when defendant constructed the intersection, the applicable written standards that it was required to follow were set forth in the July 30, 1993 edition of its Location and Design Manual, portions of which are attached to the affidavit and authenticated therein. *See Rahman v. Ohio Dept. of Transp.*, 10th Dist. No. 05AP-439, 2006-Ohio-3013, ¶ 38 (Recognizing that the Location and Design Manual "establishes policies and standards to follow when designing and maintaining highways in a reasonably safe condition.").

{¶ 10} King explains that the Location and Design Manual establishes standards for both "intersection sight distance," which is "the distance a motorist should be able to see other traffic operating on the intersected highway so that the motorist can enter and cross the highway safely," and "stopping sight distance," which is "the distance a

motorist should be able to see ahead so that he will be able to stop from a given design speed." In the present case, the sight distance relevant to the driver of the car in which Risner was riding was intersection sight distance, whereas the sight distance relevant to the driver of the tractor-trailer was stopping sight distance.

{¶ 11} As King explains in her affidavit, although the Location and Design Manual includes tables that set forth minimum sight distance values, the manual does not impose a mandatory requirement to meet those minimum values. In regard to intersection sight distance, however, section 201.3 states the following: "In those cases where the table values from Figure 201-3 cannot reasonably be obtained, the minimum sight distance available to the driver of the waiting vehicle should not be less than the stopping sight distance for the design speed of the through roadway. * * * If the minimum sight distance outlined above cannot be provided, additional safety measures must be taken. These may include, but are not limited to, advance warning signs and flashers and/or reduced speed limit zones in the vicinity of the intersection."

{¶ 12} Although there is some discrepancy in the sight distance measurements calculated by King and plaintiffs' expert, Daren E. Marceau, P.E., there is no dispute that the relevant intersection sight distance is less than the applicable table value from Figure 201-3. However, there is also no dispute that the relevant intersection sight distance was not less than the relevant stopping sight distance. As such, the design of the intersection conformed to the minimum sight distance standards set forth in the Location and Design Manual.

{¶ 13} Even though the Location and Design Manual only requires that additional safety measures be taken at intersections where the minimum sight distance standards cannot be provided, there is no dispute that additional safety measures (*e.g.*, an overhead flashing light and advance warning signs) were put in place in the interim period between the construction of the intersection and the September 12, 2009 accident. Plaintiffs argue that when those devices were installed, defendant "had a duty

to upgrade the subject intersection to current design standards" set forth in later editions of the manual that prescribed greater sight distance.

{¶ 14} As previously stated, "[t]he state has a duty to maintain its highways in a reasonably safe condition. * * * However, '[the state's] duty to maintain state highways is distinguishable from a duty to redesign or reconstruct.' * * * 'Maintenance involves only the preservation of existing highway facilities, rather than the initiation of substantial improvements.'" *Galay v. Dept. of Transp.*, 10th Dist. No. 05AP-383, 2006-Ohio-4113, ¶ 58, quoting *Wiebelt v. Ohio Dept. of Transp.*, 10th Dist. No. 93AP-117 (June 24, 1993). "Accordingly, ODOT does not have a duty to upgrade highways to current design standards when acting in the course of maintenance." *Estate of Morgan* at ¶ 12.

{¶ 15} Reasonable minds can only conclude that the installation of an overhead flashing light and advance warning signs constituted highway maintenance, not highway construction. Accordingly, because defendant acted in the course of maintenance in performing those functions, it was under no duty to upgrade the intersection to current design standards.

{¶ 16} Based on the foregoing, the court concludes that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. All other pending motions are DENIED as moot and all previously scheduled events are VACATED. Court costs are assessed against plaintiffs. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Amy S. Brown                          Douglas J. Blue
William C. Becker                     Kaitlin L. Madigan
Assistant Attorneys General           471 East Broad Street, Suite 1100
150 East Gay Street, 18th Floor          Columbus, Ohio 43215
Columbus, Ohio 43215-3130

001
Filed September 12, 2012
To S.C. Reporter January 28, 2013