[Cite as *McIntosh v. Ohio Dept. of Transp.*, 2020-Ohio-2841.]

| | |
|---|---|
| DANIEL M. MCINTOSH | Case No. 2019-01008AD |
| Plaintiff | Deputy Clerk Daniel R. Borchert |
| v. | <u>MEMORANDUM DECISION</u> |
| OHIO DEPARTMENT OF TRANSPORTATION, et al | |
| Defendant | |

{¶1}     Daniel M. Mcintosh ("plaintiff") filed this claim against the Ohio Department of Transportation ("ODOT"), to recover damages which occurred when his 2015 GMC Terrain was struck by debris falling out of the top opening of an ODOT dump truck on September 3, 2019, while traveling North on US 68 in Clark County, Ohio.  As a result, Plaintiff's vehicle sustained damages in the amount of $4,889.63.  Plaintiff submitted the $25.00 filing fee with the form complaint.

{¶2}     Generally, to prevail on a negligence claim, plaintiff must show: (1) defendant owed him a duty; (2) defendant breached that duty; and (3) defendant's breach of the duty proximately caused plaintiff's injury.  *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 8 citing *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).  If both plaintiff and a defendant engage in negligent conduct, a plaintiff may recover only if his contributory negligence is equal or less than the defendant's negligence.  *Simmers v. Bentley Construction Co.*, 64 Ohio St.3d 642, 646, 1992-Ohio-42, 597 N.E.2d 504.

{¶3}     In the Investigation Report, ODOT indicates that the incident involving plaintiff's vehicle occurred on US 68 North in Clark County near mile marker 5.0. Additionally, the defendants admit liability as the evidence shows an ODOT truck was involved.   However, the defendants claim that plaintiff was 50 percent contributorily negligent for following too close behind the ODOT truck and offers the photo plaintiff

submitted with his complaint as evidence of plaintiff's negligent travelling distance. Due to this alleged contributory negligence, the defendants request the court reduce the damage award to $2,445.00 to reflect plaintiff's 50 percent liability.

{¶4} In response, plaintiff asserts the photo was not taken during the spillage but, after the fact, was taken while both the truck and plaintiff were stopped at a traffic light whereby plaintiff got close enough to capture the identity of the truck, as well as the contents of the unsafe load visibly continuing to spill over the top opening of the ODOT truck. R.C. 4513.31 (A)&(B) in pertinent part states:

"(A) No vehicle shall be driven or moved on any highway unless the vehicle is so constructed, loaded, or covered as to prevent any of its load from dropping, sifting, leaking, or otherwise escaping therefrom . . .

(B) Except for a farm vehicle used to transport agricultural produce or agricultural production materials or a rubbish vehicle in the process of acquiring its load, no vehicle loaded with garbage, swill, cans, bottles, waste paper, ashes, refuse, trash, rubbish, waste, wire, paper, cartons, boxes, glass, solid waste, or any other material of an unsanitary nature that is susceptible to blowing or bouncing from a moving vehicle shall be driven or moved on any highway unless the load is covered with a sufficient cover to prevent the load or any part of the load from spilling onto the highway."

{¶5} Additionally, plaintiff alleges, in his complaint, there was an assured clear distance between the vehicle and the ODOT dump truck, but coming into contact with the spilled load was not safely preventable.

{¶6} Having considered all the evidence in the claim file, the court finds the defendant was negligent and it is more likely than not that plaintiff was not contributorily negligent.

{¶7} Therefore, judgment is rendered in favor of plaintiff in the amount of $4,889.63, plus $25.00 for reimbursement of the filing fee pursuant to the holding in

*Bailey v. Ohio Department of Rehabilitation and Correction*, 62 Ohio Misc.2d 19, 587 N.E.2d 990 (Ct. of Cl. 1990).

| | |
|---|---|
| DANIEL M. MCINTOSH | Case No. 2019-01008AD |
| Plaintiff | Deputy Clerk Daniel R. Borchert |
| v. | <u>ENTRY OF ADMINISTRATIVE DETERMINATION</u> |
| OHIO DEPARTMENT OF TRANSPORTATION, et al | |
| Defendant | |

{¶8}    Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of the plaintiff in the amount of $4,914.63, which includes reimbursement of the $25.00 filing fee. Court costs are assessed against defendant.

 

DANIEL R. BORCHERT
Deputy Clerk