[Cite as *Bargdill v. Ohio Dept. of Transp.*, 2009-Ohio-7058.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

HARRY R. BARGDILL, et al.

    Plaintiffs

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant
    Case No. 2005-07241

Judge Clark B. Weaver Sr.

DECISION

{¶ 1} Plaintiffs brought this action alleging negligence and nuisance. Plaintiffs Janet Bargdill and her children also asserted a claim for loss of consortium. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.[1]

{¶ 2} On May 6, 1999, at approximately 9:14 p.m., plaintiffs Harry and Janet Bargdill were traveling southbound on US Route 23 in Delaware County, Ohio, when their vehicle collided with the front edge of a compression barrier located in the grass median between northbound and southbound lanes of traffic. Plaintiffs' vehicle then drifted into the northbound lane and was struck by a vehicle causing plaintiffs' vehicle to drift back into the southbound lane before coming to a stop in the grass to the west of US Route 23. Plaintiffs suffered personal injuries as a result of this incident.

---

[1] Plaintiffs' August 17, 2009 motion for leave to file a post-trial brief is GRANTED instanter.

{¶ 3} Plaintiffs allege that defendant negligently created and maintained dangerous roadway conditions including nonreflective roadway markings which were not visible at night, a pavement edge-climb in excess of established tolerances, and a hazardous compression barrier located off of the paved portion of the roadway. Plaintiffs also argue that the compression barrier constituted a nuisance.

{¶ 4} Defendant denies liability and asserts that it maintained the roadway conditions according to applicable standards. Additionally, defendant argues that the traffic accident was the result of plaintiff's, Harry Bargdill, negligent operation of the vehicle.

{¶ 5} In order for plaintiffs to prevail upon their claims of negligence, they must prove by a preponderance of the evidence that defendant owed them a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused their injuries. *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Defendant has a duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Dept. of Transp.* (1976), 49 Ohio App.2d 335, 339; *White v. Ohio Dept. of Transportation* (1990), 56 Ohio St.3d 39, 42. However, ODOT is not an insurer of the safety of its highways. *Rhodus v. Ohio Dept. Of Transportation* (1990), 67 Ohio App.3d 723, 730.

{¶ 6} This court has held that defendant cannot guarantee the same level of safety during a highway construction project as it can under normal traffic conditions. *Feichtner v. Ohio Dept. of Transportation* (1995), 114 Ohio App.3d 346, 354. A court must look at the totality of the circumstances to determine whether defendant acted in a manner so as to render the highway free from unreasonable risk of harm for the traveling public. Id. Therefore, the question before the court is whether defendant breached the duty of care owed to plaintiffs under the circumstances of this case.

{¶ 7} "The Ohio Manual of Uniform Traffic Control Devices for Streets and Highways (MUTCD) has been adopted as the state's official specifications for highway signs and markings pursuant to the mandate of R.C. 4511.09. R.C. 4511.10 requires ODOT to comply with the MUTCD in erecting and maintaining highway signs and markings." *White*, supra, citing *Slavick v. Ohio Dept. of Transportation* (1988), 44 Ohio

App.3d 19, 22-24; *Pierce v. Ohio Dept. of Transportation* (1985), 23 Ohio App.3d 124, 127-128. Section 3A.02 of MUTCD provides in relevant part: "markings that must be visible at night shall be retroreflective."

{¶ 8} Plaintiff, Harry Bargdill, testified that prior to the accident, his car hit a bump in the road and the steering wheel was wrenched from his hands. James Sobek, a physicist experienced in the use of photographs as a means to reconstruct accidents, testified as plaintiff's expert. Based upon his review of photographs taken on the night of the accident, Sobek opined that retroreflective lane marking lines were inadequate. In his opinion, the line markings in question no longer met MUTCD guidelines inasmuch as such lines "had been mostly milled off" during the paving process. Sobek also believed that an excessive pavement edge-climb—the area where the milled roadway met the non-milled roadway—may have caused the vehicle tires to turn abruptly and the steering wheel to be jerked from plaintiff's hands.

{¶ 9} Robert Lloyd, Delaware County Administrator, testified that he was responsible for oversight of state and federal roadways in Delaware, Ohio at the time of the accident. Based upon the project documents, including reports memorializing inspections of the construction site made by his crew prior to the accident, Lloyd stated that the lane markings were reapplied with retroreflective paint after the milling of the pavement such that they were visible at nighttime and in compliance with MUTCD guidelines. In addition, Lloyd stated that the milling of the pavement created a grooved surface and that retroreflective paint applied to such a surface will generally be more reflective of light than it will when applied to a smooth surface.

{¶ 10} Timothy Parsons, the city of Delaware police officer who responded to the accident, corroborated Lloyd's testimony about the visibility of the pavement markings. Officer Parsons observed the pavement markings on the night of the accident and he testified that "[t]he lane lines were clearly visible at the time of the crash." Based upon the weight of the evidence, the court finds that the lanes were adequately marked with retroreflective paint and that such lane markings both met the MUTCD guidelines and satisfied defendant's duty to keep the roadway reasonably safe.

{¶ 11} On the matter of the pavement edge-climb, defendant's expert, John Weichel, an accident reconstructionist with experience in cases involving the impact of a

pavement edge-climb on colliding vehicles, agreed with Sobek that a pavement edge-climb of less than two inches is unlikely to cause a driver to lose control of a vehicle. However, the experts disagree as to whether the photographs of the accident scene depict an excessive edge-climb and whether the evidence at the scene supports Bargdill's claim that he lost control of his vehicle as a result of the edge-climb.

{¶ 12} Lloyd testified that he is confident that there was no edge-climb present at the accident scene, either on the side of the road or where the milled road met the non-milled road. He stated that the area where the milled road met the non-milled road was properly tapered. Based upon the weight of the evidence, the court finds that the edge-climb was not excessive and that defendant met its duty to maintain the highway in a reasonably safe condition for the driving public. Indeed, the totality of the evidence demonstrates that the vehicle left the roadway as a result of negligent operation rather than any negligence on the part of ODOT.

{¶ 13} Plaintiffs also argue, in the alternative, that even if the vehicle left the roadway as a result of negligent operation, defendant negligently maintained the compression barrier with which the vehicle collided. More specifically, plaintiffs' expert contends that the standard of care required ODOT to fit the barrier at issue with retroreflective lighting. The court disagrees.

{¶ 14} The court notes that the state is generally not legally required to remove obstacles located outside the traveled portion of the roadway. *Steele v. Ohio Dept. of Transportation*, 162 Ohio App.3d 30, 2005-Ohio-5276. The Tenth District Court of Appeals has noted that the state is liable only for obstructions that constitute "a condition in the right-of-way which directly jeopardizes the safety of the usual and ordinary traffic on the roadway." *Harris v. Ohio Dept. of Transportation* (1992), 83 Ohio App.3d 125. In the instant case, the compression barrier in question was located outside the regularly-traveled portion of the roadway and did not jeopardize ordinary traffic on the roadway. Indeed, the obvious purpose of a compression barrier was both to prevent vehicles that have left the paved portion of the roadway from crossing the median and entering opposing lanes of traffic and to shield such vehicles from contact with fixed objects off the roadway.

{¶ 15} Moreover, plaintiffs have failed to cite any provisions of the MUTCD that were violated with respect to the compression barrier and have not identified any provision requiring that compression barriers be marked with retroreflective paint. Finally, as stated above, the vehicle left the roadway due solely to the negligence of plaintiff Harry Bargdill. Bargdill has admitted that he was not in control of the vehicle when it left the roadway. Thus, a retroreflective paint would not have prevented the vehicle from contacting the compression barrier. In short, defendant cannot be held liable to plaintiffs for any harm resulting form the collision with the compression barrier.

{¶ 16} With respect to the nuisance claim, the Supreme Court of Ohio acknowledged that circumstances may exist where an edge-drop could be considered a nuisance as that term is used in R.C. 2744.02(B)(3). *Haynes v. City of Franklin*, 95 Ohio St.3d 344, 2002-Ohio-2334. However, the court notes that plaintiffs' purported nuisance claim is premised upon an exception to the governmental immunity provisions set forth under R.C. 2744.02(B)(3). "Inasmuch as those statutes pertain to liability of political subdivisions, and not to state agencies, they are inapplicable to the instant case. Indeed, there is no similar nuisance exception to the state's discretionary immunity." *Sobczak v. Ohio Dept. of Transportation,* Ct. of Cl. No. 2004-08324, 2009-Ohio-654.

{¶ 17} With respect to the claim for loss of consortium, such claims are "derivative in that the claim is dependent upon the defendant's having committed a legally cognizable tort upon the spouse who suffers bodily injury." *Bowen v. Kil-Kare, Inc.* (1992), 63 Ohio St.3d 84, 93. Since plaintiffs have failed to prove negligence on the part of defendant, the loss of consortium claim also must fail.

{¶ 18} For the foregoing reasons, the court finds that plaintiffs have failed to prove any of their claims by a preponderance of the evidence and, accordingly, judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263

HARRY R. BARGDILL, et al.

    Plaintiffs

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant
    Case No. 2005-07241

Judge Clark B. Weaver Sr.

<u>JUDGMENT ENTRY</u>

    This case was tried to the court on the issue of liability. The court has considered the evidence and, for the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiffs. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Eric A. Walker
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Thomas R. Kelly
William J. Price
Landerhaven Corporate Center
6105 Parkland Boulevard
Mayfield Heights, Ohio 44124

Todd O. Rosenberg
Landerhaven Corporate Center
6110 Parkland Blvd.
Mayfield Heights, Ohio 44124

LP/DDE/cmd/Filed December 11, 2009/To S.C. reporter December 29, 2009