[Cite as *Poston v. Warren Correctional Inst.*, 2010-Ohio-5218.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GRADY POSTON

    Plaintiff

    v.

WARREN CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2009-09604-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1)    Plaintiff, Grady Poston, an inmate incarcerated at defendant, Warren Correctional Institution (WCI), alleged several items of his personal property were stolen from his cell housing unit on October 25, 2009, at a time when he and his cellmate were away from the unit.  Plaintiff recalled he and his cellmate left the cell to go to the WCI dining hall and when he returned he discovered his converter box, two remote controls, and a pair of gym shoes were missing.  Plaintiff submitted a copy of an "Inmate Property Theft/Loss Report" (Theft Report) that was filed incident to his reporting the theft.  According to information contained in the Theft Report, WCI staff searched several cells looking for plaintiff's missing property.  However, no items were recovered.  The Theft Report is dated November 5, 2009 and a search for the reported stolen property was conducted that same day.

{¶ 2} 2)    Plaintiff suggested defendant was responsible for his property being stolen, specifically the WCI officer who was on duty in his housing unit on October 25, 2009.  Plaintiff maintained his property was stolen as a proximate cause of negligence

on the part of defendant. Plaintiff seeks recovery of damages in the amount of $110.00, the stated replacement cost of the claimed stolen property. Payment of the filing fee was waived.

**{¶ 3}** 3) Defendant denied liability in this matter arguing that plaintiff did not offer sufficient evidence to prove any of his property was stolen as a proximate cause of negligence on the part of WCI staff. Defendant contended plaintiff failed to offer any evidence to establish his property was stolen or unrecovered as a result of any negligent conduct on the part of WCI personnel.

**{¶ 4}** 4) Plaintiff filed a response suggesting his cell door was unlocked by defendant's employee on October 25, 2009, thereby facilitating the theft of his property. Furthermore, plaintiff asserted WCI staff have a duty to "make rounds to ensure that each and every cell door is locked" when inmates are absent from their cells during dinner times. Plaintiff denied any search was made for his property despite the fact he submitted his copy of a Theft Report that noted a search was conducted after he reported the theft.

## CONCLUSIONS OF LAW

**{¶ 5}** 1) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 6}** 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, 798 N.E. 2d 1121, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 7}** 3) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 8}** 4) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable

attempts to protect, or recover" such property.

{¶ 9} 5) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 10} 6) Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in brining about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 11} 7) The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425. Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams*.

{¶ 12} 8) Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶ 13} 9) Defendant, when it retains control over whether an inmate's cell door is to be open or closed, owes a duty of reasonable care to inmates who are exclusively forced to store their possession in the cell while they are absent from the cell. *Smith v. Rehabilitation and Correction* (1978), 77-0440-AD.

{¶ 14} 10) However, in the instant claim, plaintiff has failed to prove defendant negligently or intentionally unlocked his cell door, and therefore, no liability shall attach to defendant as a result of any theft based on this contention. *Carrithers v. Southern Ohio Correctional Facility* (2002), 2001-09079-AD.

{¶ 15} 11) Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft. *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

{¶ 16} 12) However, a search is not always necessary. In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff.

{¶ 17} 13) Plaintiff has failed to prove, by a preponderance of the evidence, that

defendant was negligent in respect to making any attempts to recover distinguishable or indistinguishable stolen property. See *Williams v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-11094-AD, 2006-Ohio-7207.

{¶ 18} 14)   Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was stolen or unrecovered as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD. *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GRADY POSTON

Plaintiff

v.

WARREN CORRECTIONAL INSTITUTION

Defendant

Case No. 2009-09604-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth

in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Grady Poston, #545-398              Gregory C. Trout, Chief Counsel
P.O. Box 120                        Department of Rehabilitation
Lebanon, Ohio  45036                and Correction
                                    770 West Broad Street
                                    Columbus, Ohio  43222

RDK/laa
6/3
Filed 6/21/10
Sent to S.C. reporter 10/22/10