[Cite as *Walker v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-5821.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GLENN M. WALKER

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS

    Defendant

Case No. 2009-05382-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

**{¶ 1}** Plaintiff, Glenn M. Walker, an inmate formerly incarcerated at defendant's Ross Correctional Institution (RCI), filed this action alleging RCI personnel honored a forged cash slip resulting in funds being withdrawn from his inmate account. In his complaint, plaintiff requested damage recovery of $380.00, the amount the RCI cashier withdrew from his inmate account when honoring a forged instrument. The filing fee was paid.

**{¶ 2}** At some unspecified date in 2008, an unidentified inmate at RCI obtained a "cash slip," forged plaintiff's name to the "cash slip," and thereby authorized the withdrawal of $380.00 from plaintiff's inmate account. The forged authorization to withdraw funds from plaintiff's inmate account was approved by RCI staff and a check was issued to an unidentified individual. At the time the forged "cash slip" authorization was honored, plaintiff was being held in a segregation unit under administrative control. Subsequently, RCI personnel became aware of the forgery and made attempts to stop payment on the issued check. The attempts to stop payment were unsuccessful.

Plaintiff contended defendant should bear liability for the actions of the RCI cashier in honoring a forged "cash slip."

{¶ 3} Defendant did not dispute the fact that the RCI cashier honored a forged "cash slip" and issued a check drawn on plaintiff's inmate account in the amount of $380.00. Defendant acknowledged the check was subsequently negotiated and no funds were recovered. However, defendant denied liability in this matter contending it generally bears no responsibility for the criminal acts of an inmate unless an agency relationship can be shown or some tortious conduct on the part of defendant's personnel was a proximate cause of the loss claimed. Defendant stated, "it is the position of the Defendant that this complaint should be denied as the Plaintiff has failed to prove by a preponderance of the evidence, that Defendant breached any duty of care toward Plaintiff's property."

## CONCLUSIONS OF LAW

{¶ 4} 1) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 5} 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided . . . by the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 6} 3) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 7} 4) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 8} 5) Defendant is not responsible for theft committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

**{¶ 9}** 6)   Negligence on the part of defendant has been shown in respect to protecting plaintiff's property.   *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD, jud.

**{¶ 10}** 7)   Liability on the part of defendant has been established in not protecting the funds in plaintiff's inmate account.   *Nash v. Belmont Correctional Inst.*, Ct. of Cl. No. 2006-03907-AD, 2007-Ohio-4507.   Defendant is liable to plaintiff for the damages claimed, $380.00, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19.   See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GLENN M. WALKER

   Plaintiff

   v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS

   Defendant
    Case No. 2009-05382-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $405.00, which includes the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Glenn M. Walker, #476-594
5787 St. Rt. 63
Lebanon, Ohio 45036

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

RDK/laa
7/2
Filed 8/3/10
Sent to S.C. reporter 11/23/10