[Cite as *Cauthon v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-2119.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NASSIR CAUTHON

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant

Case No. 2010-10963-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

FINDINGS OF FACT

**{¶ 1}** Plaintiff, Nassir Cauthon, an inmate incarcerated at defendant's Mansfield Correctional Institution (ManCI), filed this action alleging that $700.00 was withdrawn from his inmate account when ManCI staff honored a forged withdrawal check out slip drawn on his account during April 2010. In his complaint, plaintiff requested damages in the amount of $2,500.00, the statutory maximum damage amount allowed under R.C. 2743.10. Plaintiff did not offer any authority to support his argument regarding entitlement to the damage amount claimed. The filing fee was paid.

**{¶ 2}** Defendant submitted an investigation report admitting liability and acknowledging that plaintiff suffered damages in the amount of $700.00. Plaintiff filed a response expressing his agreement with the damage amount acknowledged.

CONCLUSIONS OF LAW

**{¶ 3}** 1) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company,*

*Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 4} 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided . . . by the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 5} 3) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 6} 4) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 7} 5) Defendant is not responsible for theft committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶ 8} 6) Negligence on the part of defendant has been shown in respect to protecting plaintiff's property. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD.

{¶ 9} 7) Liability on the part of defendant has been established in not protecting the funds in plaintiff's inmate account. *Nash v. Belmont Correctional Inst.*, Ct. of Cl. No. 2006-03907-AD, 2007-Ohio-4507; *Walker v. Ohio Dept. of Rehab. and Corr.*, Ct. of Cl. No. 2009-05382-AD, 2010-Ohio-5821. Defendant is liable to plaintiff in the amount of $700.00, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor

NASSIR CAUTHON

      Plaintiff

      v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

      Defendant

Case No. 2010-10963-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $725.00, which includes the filing fee. Court costs are assessed against defendant.

                          MILES C. DURFEY
                          Deputy Clerk

Entry cc:

Nassir Cauthon, #526-674         Gregory C. Trout, Chief Counsel
P.O. Box 788                   Department of Rehabilitation
Mansfield, Ohio  44901        and Correction
                          770 West Broad Street
                          Columbus, Ohio  43222

RDK/laa
Filed 2/8/11
Sent to S.C. reporter 4/29/11