[Cite as *Kairis v. Noble Correctional*, 2010-Ohio-6322.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL J. KAIRIS

    Plaintiff

    v.

NOBLE CORRECTIONAL

    Defendant

    Case No. 2009-07849-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} 1) On April 27, 2008, plaintiff, Michael J. Kairis, an inmate incarcerated at defendant, Noble Correctional Institution (NCI), was transferred from the NCI general population to a segregation unit. Plaintiff alleged that at sometime during the transfer procedure multiple items of personal property were stolen before the property could be packed. Plaintiff reported the stolen property included: ten envelopes, four pens, one walkman, one chess board, one blanket, one towel, one wash cloth, four t-shirts, six pairs of boxer shorts, two writing pads, one pair of sunglasses, one pair of reading glasses, one photo album, six pairs of socks, one set of long underwear, two long sleeve shirts, one mug, one alarm clock, one watch, one trimmer set, one belt, one pair of sweat pants, one sweatshirt, two pairs of state pants, two state issue shirts, one deodorant, one mirror, one set of nail clippers, one soap dish, one "double six dominos," one tube of toothpaste, and six "pks gt one reds." Plaintiff implied his property was stolen as a proximate cause of negligence on the part of NCI staff in failing to adequately protect the property from theft attempts. Plaintiff filed this complaint seeking

to recover $228.77, the stated replacement cost of his alleged stolen property. Payment of the filing fee was waived.

Defendant denied any liability in this matter contending plaintiff failed to offer any evidence to prove his property was stolen. Defendant denied ever exercising control over any of the alleged stolen property items. Defendant suggested "plaintiff may have traded or sold this property to other inmates to pay debts." Defendant argued no evidence has been offered to establish plaintiff suffered property loss as a result of any act attributable to NCI personnel. Defendant advised NCI staff searched fro plaintiff's property and some items were recovered.

CONCLUSIONS OF LAW

**{¶ 2}** 1) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 3}** 2) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 4}** 3) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 5}** 4) Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 6}** 5) Plaintiff's failure to prove delivery of the claimed missing property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

**{¶ 7}** 6) Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068.

**{¶ 8}** 7) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 9}** 8) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 10}** 9) The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1985), 84-02425. Plaintiff must show defendant breached a duty or ordinary or reasonable care. *Williams.*

**{¶ 11}** 10) Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker V. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

**{¶ 12}** 11) The fact defendant supplied plaintiff with a locker box to secure valuables constitutes prima facie evidence of defendant discharging its duty of reasonable care. *Watson v. Department of Rehabilitation and Correction* (1987), 86-02635-AD.

**{¶ 13}** 12) Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft. *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

**{¶ 14}** 13) However, a search is not always necessary. In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff. In the instant case, the claimed stolen property was indistinguishable and, therefore, no duty to search arose. *Wallace v. Grafton Corr. Inst.*, Ct. of Cl. No. 2009-01743, 2009-Ohio-5741.

**{¶ 15}** 14) Plaintiff has failed to prove, by a preponderance of the evidence, that

defendant was negligent in respect to making any attempts to recover distinguishable or indistinguishable stolen property. See *Williams v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-11094-AD, 2006-Ohio-7207.

{¶ 16} 15) Plaintiff has failed to prove, by a preponderance of the evidence, any of his property was stolen, undelivered, or unrecovered as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL J. KAIRIS

Plaintiff

v.

NOBLE CORRECTIONAL

Defendant

Case No. 2009-07849-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Michael J. Kairis, #556-482
P.O. Box 56
Lebanon, Ohio 45036

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

RDK/laa
8/3
Filed 8/31/10
Sent to S.C. reporter 12/17/10