[Cite as *Johnson v. Mansfield Correctional Inst.*, 2010-Ohio-6648.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LEE JOHNSON, JR.

 Plaintiff

 v.

MANSFIELD CORRECTIONAL INSTITUTION

 Defendant

 Case No. 2010-06907-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1}  Plaintiff, Lee Johnson, Jr., an inmate incarcerated at defendant, Mansfield Correctional Institution (ManCI), filed this action alleging ManCI personnel honored a forged "Personal Account Withdrawal Check-Out Slip" (cash slip) resulting in funds being withdrawn from his inmate account without his knowledge or authorization.  In his complaint, plaintiff requested damage recovery of $100.00, the amount the ManCI cashier withdrew from his inmate account when honoring a forged instrument.  The filing fee was paid.

{¶ 2}  Plaintiff recalled he received a cash slip from defendant on December 28, 2009 "indicating $100.00 had been withdrawn from my Inmate Account."  Plaintiff produced a copy of the particular cash slip dated December 15, 2009 authorizing defendant to withdraw $100.00 from plaintiff's account and send a check in that amount to Joyce Hereford at an address in Cleveland.  The cash slip bears a signature purporting to be plaintiff's and contains plaintiff's inmate number as well as his cell housing unit assignment.  The cash slip was processed on December 22, 2009 with a

check naming Joyce Hereford as payee being sent to the listed Cleveland address. Plaintiff pointed out he complained to ManCI staff regarding the forged cash slip authorization on December 29, 2009, the day after he received his copy of the cash slip. Plaintiff indicated he was subsequently denied reimbursement of the $100.00 when he filed formal complaints regarding the ManCI cashier honoring a forged cash slip. Plaintiff submitted copies of cash slips he did sign as a comparison to the cash slip dated December 15, 2009. The signature on the December 15, 2009 cash slip appears different from the other cash slips plaintiff submitted and admitted he signed. Plaintiff submitted a copy of a "Disposition of Grievance" he filed in connection over the dispute regarding an improper withdrawal from his inmate account. In this "Disposition of Grievance," defendant's inspector reported the evidence available supported plaintiff's allegations that the ManCI cashier honored a forged cash slip.

{¶ 3} Defendant denied liability in this matter disputing plaintiff's assertions that the December 15, 2009 cash slip is a forged instrument. Defendant argued the evidence is inconclusive to establish that the ManCI cashier actually honored a forged document. Defendant explained the name of the designated payee on the December 15, 2009 cash slip authorization, Joyce Hereford, is listed as the sister of former inmate Enos Hereford, who was incarcerated at the North Central Correctional Institution (NCCI). However, according to defendant, there is no connection between Enos Hereford and plaintiff and a Joyce Hereford is not a listed party on plaintiff's visitor list (copy submitted). Submitted documentation shows Enos Hereford is no longer incarcerated at NCCI (released December 17, 2009) or any other state institution. Defendant's submitted documentation on Joyce Hereford, the sister of Enos Hereford, lists a Toledo, Ohio address and not any Cleveland address. Defendant provided a copy of the canceled check issued to Joyce Hereford. Defendant maintained there are similarities between the signature on the December 15, 2009 cash slip and plaintiff's verified signature as it appears on other documents. Consequently, defendant argued "there is a legitimate question as to whether the signature (on the 12/15/09 cash slip) is actually a forgery."

{¶ 4} Defendant submitted a copy of the purported forged cash slip which bears the stamped names of two ManCI employees, "Zelurs Fields" and "Lt. O. Smoot." These stamped names of "Zelurs Fields" and "Lt. O. Smoot" appear on the cash slip

inside the "Approved By:" box. The stamped name "Lt. Smoot" also appears in the "Witnessed" box on the cash slip. Plaintiff advised that ManCI employee Lt. Smoot is not the lieutenant assigned to his housing unit at ManCI. Plaintiff further advised ManCI employee, Lt. Minard is the lieutenant assigned to his housing unit and consequently, Lt. Minard would have been the proper authority to provide stamped approval on any cash slip authorizing withdrawal of funds from his inmate account. Defendant noted Lt. Smoot was contacted and he denied stamping the December 15, 2009 cash slip in question. Also, defendant stated "Smoot's stamp was in his mail box in the Captain's office and he believes someone else, inmate or staff, used it." Defendant denied having any knowledge that the December 15, 2009 cash slip was forged. Defendant maintained "[t]here is no direct evidence that the signature is a forgery, and there is no direct evidence of staff negligence."

**{¶ 5}** Plaintiff filed a response insisting his signature was forged on the cash slip and defendant honored the forged instrument resulting in a loss of $100.00 from his inmate account. Plaintiff asserted defendant failed to properly identify the individual who submitted the December 15, 2009 cash slip bearing the signature Lee Johnson. Furthermore, plaintiff asserted the evidence produced establishes defendant failed to follow proper procedure when approving the cash slip authorization to withdraw funds from his inmate account. After reviewing all submissions, the trier of fact finds defendant honored a forged instrument.

CONCLUSIONS OF LAW

**{¶ 6}** 1) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 7}** 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided . . . by the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 8}** 3) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without

fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 9} 4)  Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 10} 5)  Defendant is not responsible for theft committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent.  *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶ 11} 6)  Negligence on the part of defendant has been shown in respect to protecting plaintiff's property.  *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD.

{¶ 12} 7)  Liability on the part of defendant has been established in not protecting the funds in plaintiff's inmate account.  *Nash v. Belmont Correctional Inst.*, Ct. of Cl. No. 2006-03907-AD, 2007-Ohio-4507.  Defendant is liable to plaintiff for the damages claimed, $100.00, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19.  See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LEE JOHNSON, JR.

Plaintiff

v.

MANSFIELD CORRECTIONAL INSTITUTION

      Defendant

      Case No. 2010-06907-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

      Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $125.00, which includes the filing fee. Court costs are assessed against defendant.

                             DANIEL R. BORCHERT
                             Deputy Clerk

Entry cc:

Lee Johnson, Jr., #520-739       Gregory C. Trout, Chief Counsel
1150 North Main Street           Department of Rehabilitation
P.O. Box 788                    and Correction
Mansfield, Ohio 44901          770 West Broad Street
                             Columbus, Ohio 43222

RDK/laa
10/6
Filed 10/28/10
Sent to S.C. reporter 2/2/11