[Cite as *Adkins v. Ohio State Hwy. Patrol*, 2010-Ohio-5915.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CARL ADKINS, JR., Admr.

    Plaintiff

    v.

OHIO STATE HIGHWAY PATROL

    Defendant
    Case No. 2007-05512

Judge Joseph T. Clark

DECISION

{¶ 1}  Plaintiff, as the administrator of the estate of Sheri Miller, brought this action against  defendant, Ohio State Highway Patrol (OSHP), alleging negligence.  The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2}  According to the allegations in the complaint, OSHP Trooper Munyon was negligent when in the early morning hours he arrested the driver of the car in which Miller was riding and left her beside a state road without any means of transportation. Miller was subsequently struck and killed by a motor vehicle traveling northbound on State Route 23 (SR-23) at approximately 3:30 a.m., as she attempted to walk home in the dark.

{¶ 3}  Trooper Munyon testified that on April 11, 2003, at approximately 2:20 a.m., he stopped a driver that he witnessed speeding southbound on SR-23 near South Bloomfield, Ohio.  The car was driven by Eric Kovach and Miller was a passenger in the car.  Trooper Munyon performed field sobriety tests on the driver and then arrested

Kovach for driving under the influence (DUI). During the traffic stop, another trooper arrived at the scene, stayed in the vicinity for a short period of time in case Trooper Munyon needed assistance, and then left the area. Trooper Munyon secured the vehicle and drove Kovach to the nearest highway patrol post to perform a breath alcohol test.

{¶ 4} Trooper Munyon recalled that Miller told him that she would call her daughter for a ride home. According to Trooper Munyon, he left Miller at the arrest location which he described as a well-lighted parking lot of a Dairy Queen drive-thru, which was closed at that time of the morning. Trooper Munyon related that he instructed Miller to walk to the United Dairy Farmers store or to the Marathon gas station to call someone for a ride home. The trooper recalled that he gave Miller such directions both because those establishments were open and they were on the same side of the street as the arrest location. Trooper Munyon testified that he considered the area where he left Miller to be a safe location, in that there were sidewalks, the area was lighted, and there were open establishments nearby.

{¶ 5} Deputy Sheriff Lane testified that at approximately 3:59 a.m. on April 11, 2003, he was dispatched to the area of the Walnut Creek Bridge on northbound SR-23 in reference to a collision involving a pedestrian and a motor vehicle. Upon investigation, Lane located an unresponsive female wearing a black leather jacket and dark pants lying approximately three feet from the edge line of the roadway. The pedestrian was seriously injured and subsequently died at the hospital. It was later determined that the pedestrian was Miller. Plaintiff alleges that Trooper Munyon had a duty to protect Miller, that he failed to use reasonable care to ensure her safety, and that his negligence proximately caused her injuries and death.

{¶ 6} Defendant denies liability and asserts that Miller's own negligence in walking near the roadway, at night, dressed in all-dark clothing was the sole proximate cause of her death.

{¶ 7} In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed plaintiff's decedent a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused decedent's injuries. *Armstrong v. Best Buy Company, Inc.*, 99 Ohio

St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.

{¶ 8} The duty owed by the Highway Patrol to those drivers and passengers encountered within the scope of the Highway Patrol's official duties is one of ordinary care, bearing in mind that the patrol must enforce the law so as to maximize the safety of all the motoring public. *Crow v. Ohio State Hwy. Patrol* (May 18, 1989), Ct. of Cl. No. 84-06021. Ordinary care is that which would be utilized by an ordinarily prudent person under certain circumstances. *Smith v. United Properties, Inc.* (1965), 2 Ohio St.2d 310.

{¶ 9} "The general rule is that there is no duty of affirmative action absent a special relation which gives rise to a duty to aid or protect another person. A law enforcement officer having *custody* of a person stands in a special relation to that person and owes that person a duty of reasonable care and protection." (Emphasis added.) *Hartman v. The State Highway Patrol* (Dec.19, 1991), Franklin App. No. 91AP-721. "However, as the Restatement of Law 2d, Torts, Section 314A makes clear, the custodial officer is not obligated to act until he knows or should know that the person is mentally deficient. Therefore, the OSHP cannot be held liable to have known what it could not possibly have known." Id.

{¶ 10} Trooper Munyon testified that he had spoken with Miller and that she did not appear to him to be intoxicated. Specifically, Trooper Munyon noted that Miller was coherent and cooperative, that she was not hesitant in her speech or her actions, and that he detected no odor of alcohol about her. According to Trooper Munyon, he did not have probable cause to perform a field sobriety test on Miller, nor did he have reason to take her into custody.

{¶ 11} In attempting to discredit Trooper Munyon's observations, plaintiff presented the testimony of Benjamin Risner, an employee of Speedway gas station and convenience store in South Bloomfield.[1] Risner testified that at approximately 3:00 a.m. on April 11, 2003, a woman dressed in a black leather jacket and black pants entered the store and purchased a few items that she paid for with change. According to Risner, the woman had an odor of alcohol about her, and she was unsteady on her

---

[1] In addition, plaintiff presented the testimony of an expert forensic toxicologist in an attempt to establish what Miller's blood-alcohol level would have been at the time of the traffic stop. Upon review, the court did not place much weight on this testimony.

feet.[2]  Risner recalled that the woman appeared to be on foot in that he did not observe any vehicles in the parking lot other than his own.  The parties do not dispute that the person described by Risner was, in all probability, Miller.

{¶ 12} Inasmuch as Miller was not arrested or taken into custody, the court finds that no special relationship between Miller and defendant existed.  Indeed, the sole issue for the court to determine is whether Trooper Munyon negligently failed to assess whether Miller was intoxicated.  Trooper Munyon stated that he had been employed with the OSHP for 11 years and that he had participated in hundreds of DUI arrests.  Trooper Munyon testified that Miller was coherent, cooperative, and willing to make her own arrangements for transportation home.  In addition, Trooper Munyon testified credibly that Miller's appearance and behavior during the traffic stop did not give him a clear indication that she was impaired or intoxicated.

{¶ 13} Despite the tragic outcome of this case, the court finds that Trooper Munyon acted reasonably and appropriately given the circumstances known to him.  The matter of exactly what Miller was thinking and why she did not call someone for a ride after she left the arrest location will never be known.

{¶ 14} In the final analysis, the court finds that plaintiff's decedent failed to exercise due care for her safety and that she assumed the risk of injury by choosing to leave the safety of the establishments open to her in South Bloomfield in order to walk home.

{¶ 15} For the foregoing reasons, the court finds that defendant did not breach any duty owed to plaintiff's decedent and, accordingly, judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263

---

[2]Miller's daughter, Brandi Miller, testified that Sheri had been out drinking from approximately 9:00 p.m. until sometime before the bar closed, and that Sheri was drinking whisky the entire time.

CARL ADKINS, JR., Admr.

     Plaintiff

     v.

OHIO STATE HIGHWAY PATROL

     Defendant
     Case No. 2007-05512

Judge Joseph T. Clark

<u>JUDGMENT ENTRY</u>

     This case was tried to the court on the issue of liability. The court has considered the evidence and, for the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

                          _____
                          JOSEPH T. CLARK
                          Judge

cc:

Jennifer A. Adair
William C. Becker
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

William J. Edwards
523 South Third Street
Columbus, Ohio 43215-5720

SJM/cmd
Filed November 17, 2010
To S.C. reporter December 1, 2010