[Cite as *Jones v. Pickaway Correctional Inst.*, 2010-Ohio-6681.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRIAN T. JONES

    Plaintiff

    v.

PICKAWAY CORRECTIONAL INST.

    Defendant

     Case No. 2010-01620-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} 1)    Plaintiff, Brian T. Jones, an inmate formerly incarcerated at defendant, Pickaway Correctional Institution (PCI), filed this action alleging his personal property was lost or stolen as a proximate cause of negligence on the part of PCI staff. Plaintiff explained he was transferred from the PCI general population to a segregation unit on January 26, 2009 and his personal property was inventoried, packed, and delivered into the custody of PCI personnel incident to this transfer. Plaintiff pointed out he was not present in his housing unit at the time his property was packed. Plaintiff submitted a copy of his "Inmate Property Record-Disposition and Receipt" (inventory) compiled on January 26, 2009 when his property was packed by PCI staff. The property listed on this inventory was apparently stored in the PCI vault until plaintiff was transferred to the London Correctional Institution (LoCI). Plaintiff claimed multiple items of personal property he possessed at PCI were never forwarded to LoCI when he was transferred to that institution. All claimed missing property items were listed on the January 26, 2009 inventory compiled at PCI. No subsequent property inventories were submitted. Plaintiff contended he never regained possession of the following items after

he was transferred to LoCI: one pair of tennis shoes, three pairs of gym shorts, four compact discs, one chess set, one AC adapter, fifty photographs, twenty letters, six bags of chips, three containers of Koolaid, one box of tea bags, five packages of tuna fish, sixteen Ramen soups, deodorant, four bars of soap, toothpaste, and a toothbrush. Plaintiff filed this complaint seeking to recover damages in the amount of $2,500.00, the stated value of the alleged missing property. Plaintiff valued fifty photographs and twenty personal letters at $2,286.00. The remaining items were valued at $212.48. Payment of the filing fee was submitted.

**{¶ 2}** 2)    Defendant denied any of plaintiff's property was lost or stolen while under the control of PCI staff. Defendant claimed all property packed on January 26, 2009, with the exception of soap, deodorant, toothpaste, and a toothbrush, was returned to plaintiff's possession. Defendant explained the listed personal hygiene items were declared contraband "due to being over the (inmate possession) limit" and withheld from plaintiff's possession. Soap, deodorant, toothpaste and a toothbrush are listed on the January 26, 2009 heading "contraband." Defendant advised all property packed on January 26, 2009, with the exception of declared contraband, was forwarded to plaintiff at sometime after he was transferred to LoCI on February 10, 2009.

**{¶ 3}** 3)    Plaintiff filed a response noting his property was forwarded from PCI to LoCI in piecemail fashion covering a period of eight days. Plaintiff argued defendant's explanation regarding the disposition of his property from PCI to LoCI is not credible. Plaintiff observed his property was sent from PCI in three boxes arriving at LoCI on three separate occasions. Plaintiff did not produce any evidence other than his own assertion to establish any of his permitted property packed on January 26, 2009 was lost or stolen while under the control of PCI staff.

CONCLUSIONS OF LAW

**{¶ 4}** 1)    In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 5}** 2)    "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ."

*Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 6} 3)   This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect or recover" such property.

{¶ 7} 4)   Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property.  *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 8} 5)   Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 9} 6)   Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm.  *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 10} 7)   An inmate is barred from pursuing a claim for the loss of property when such property is declared impermissible pursuant to departmental policy.  *Zerla v. Dept. of Rehab. and Corr.* (2001), 2000-09849-AD

{¶ 11} 8)   Plaintiff has failed to prove a causal connection between any property loss and any breach of duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD.

{¶ 12} 9)   Plaintiff has failed to prove, by a preponderance of the evidence, that his property was lost or stolen as a proximate result of any negligent conduct attributable to defendant.  *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRIAN T. JONES

     Plaintiff

     v.

PICKAWAY CORRECTIONAL INST.

     Defendant

     Case No. 2010-01620-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION


     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.


                             _____

                             DANIEL R. BORCHERT
                             Deputy Clerk


Entry cc:

| | |
|---|---|
| Brian T. Jones, #401-681 | Gregory C. Trout, Chief Counsel |
| 1580 State Route 56 S.W. | Department of Rehabilitation |
| P.O. Box 69 | and Correction |
| London, Ohio  43140 | 770 West Broad Street |
| | Columbus, Ohio  43222 |

RDK/laa
11/4
Filed 12/29/10
Sent to S.C. reporter 2/25/11