[Cite as *Thomas v. Lorain Corr. Inst.*, 2011-Ohio-5328.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GUSTAV THOMAS

    Plaintiff

    v.

LORAIN CORRECTIONAL INSTITUTION

    Defendant        Case No. 2010-06711

Judge Clark B. Weaver Sr.

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶1} On June 22, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On July 19, 2011, plaintiff filed a response.[1] The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

---

[1]Plaintiff's July 11, 2011 motion for an extension of time to file a response is GRANTED, instanter.

*Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} At all times relevant to this action, plaintiff was an inmate in the custody and control of defendant, Lorain Correctional Institution (LCI), pursuant to R.C. 5120.16. On November 20, 2007, plaintiff sustained personal injury after his cellmate, inmate Tyna, climbed to the upper bunk and sat on the mattress, causing bedsprings to come into contact with plaintiff's head while he was sitting on the lower bunk. Plaintiff asserts that defendant failed both to maintain safe sleeping accommodations and to supervise the proper use of bunk beds.

{¶5} Defendant contends that it is entitled to summary judgment inasmuch as there is no evidence that it breached any duty it owed to plaintiff.

{¶6} In order to prevail upon his claim of negligence, plaintiff must prove by a preponderance of evidence that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77. Additionally, Ohio law imposes a duty of reasonable care upon the state to provide for the prisoners' health, care, and well-being. *Clemets v. Heston* (1985), 20 Ohio App.3d 132, 136. Reasonable or ordinary care is that degree of caution and foresight which an ordinarily prudent person would employ in similar circumstances. *Smith v. United Properties, Inc.* (1965), 2 Ohio St.2d 310. However, the state is not an insurer of inmates' safety. See *Williams v. Ohio Dept. of Rehab. & Corr.* (1991), 61 Ohio Misc.2d 699, 702.

{¶7} In support of its motion, defendant submitted the affidavit of David Trottier, a Corrections Officer who was on duty at LCI on November 20, 2007. Therein, Trottier avers:

{¶8} "3. LCI has procedures in place regarding the inspection of inmate sleeping quarters and beds, and to the best of my knowledge and belief, these procedures are consistently followed;

{¶9} "4.  During these routine inspections, officers examine the condition of the bunk beds, including the springs.  I would have made a routine inspection of the bunk bed on the day in question and action would have been taken if repairs were needed.  I did not observe any problem with Inmates Thomas and Tyna's bunk beds that day;

{¶10}     "5.  Inmate Gustav Thomas contacted me following the alleged incident and I wrote an incident report, a true copy of which is attached as Exhibit 1;

{¶11}     "6.  Inmate Tyna, the bunkmate of Inmate Thomas, jumped onto the top bunk, allegedly causing the bedsprings to dip and touch Inmate Thomas on the head;

{¶12}     "7.  The bedsprings may have dipped down under Inmate Tyna's weight, but there was no evidence of bedsprings or other parts of the bed breaking or being defective;

{¶13}     "8.  If bedsprings or the bed were broken or defective in relation to the incident, I would have included this information on the incident report;

{¶14}     "9.  Because there is nothing on record to show a problem with the bed, it is my belief that the incident occurred as a result of Inmate Tyna weighing down the bed at a moment when Inmate Thomas was sitting upright;

{¶15}     "10.  When I wrote the incident report, there was no evidence of blood or any other obvious physical injury to Inmate Thomas;

{¶16}     "11.  Officers at LCI routinely look for broken and damaged items during normal inspections;

{¶17}     "12.  In the event a broken bedspring is found, it is replaced immediately with another available spring;

{¶18}     "13.  There is no record of a bedspring in Inmates Tyna and Thomas' bunk bed needing replaced on or about November 20, 2007;

{¶19}     "14.  Prior to the alleged incident, Inmates Thomas and Tyna had not voiced any concerns regarding the condition of the bunk bed.  At no time did either inmate ever state verbally or in writing that the bed springs were broken.  Prior to the

incident, Inmate Thomas never complained about Inmate Tyna jumping on the bed. If there had been any prior complaints, I would have included that in my incident report."

**{¶20}** Civ.R. 56(E) provides in relevant part that:

**{¶21}** "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

**{¶22}** In his response, plaintiff asserts that defendant has failed to provide prison records that will lead to discovery of admissible evidence. Plaintiff asserts that defendant has failed to provide requested discovery records, specifically, inspection and maintenance records of plaintiff's bunk beds. Plaintiff also asserts that the doctrine of res ipsa loquitur applies to this case. Lastly, plaintiff asserts that defendant failed to properly treat plaintiff's injuries. However, plaintiff failed to support any of his assertions by affidavit, as required by Civ.R. 56(F). Plaintiff has failed even to file his own affidavit setting forth facts upon which the court may infer that this incident ever occurred. Given this failure, plaintiff's complaints regarding the discovery process are inconsequential. Accordingly, plaintiff's July 18, 2011 motion to compel is DENIED as moot.

**{¶23}** The only permissible inference to draw from the evidence is that defendant did not fail to either maintain safe sleeping accommodations or to supervise the proper use of bunk beds. Accordingly, defendant is entitled to judgment as a matter of law and its motion for summary judgment is GRANTED.[2] Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

---

[2]In light of this decision, defendant's July 21, 2011 motion to compel discovery is DENIED as moot.

_____
CLARK B. WEAVER SR.
Judge

cc:

Ashley L. Oliker                          John Hildebrand Sr.
Velda K. Hofacker                        21430 Lorain Road
Assistant Attorneys General              Fairview Park, Ohio 44126
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

HTS/dms
Filed August 25, 2011
To S.C. reporter October 13, 2011